No. 48,679

STATE OF KANSAS, *Appellee,* v. CHARLES VERNON WELLS, *Appellant.*

(573 P.2d 580)

Opinion filed November 5, 1977.

*Timothy J. Carmody,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Dennis Harris,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of indecent liberties with a child. (K.S.A. 1975 Supp. 21-3503.) The facts in the case are substantially as follows: The defendant-appellant, Charles V. Wells, was an employee of a Kansas City, Kansas, YMCA. He worked in the towel room during the afternoon—evening shift. On the evening of May 20, 1976, the director of a juvenile youth home took three of his wards to the YMCA for a swim. The three youths and their respective ages were Anthony Smith, age 13, Joey Elliott, age 15, and John Satchell, age 14. The evidence presented by the state showed that as the three boys were changing into their swimming trunks the defendant grabbed Anthony Smith and slapped him on his bare bottom. Thereafter all three boys and their director entered the swimming pool area. After swimming for some time Anthony Smith and John Satchell left the swimming area and went to the towel room. There the defendant grabbed Anthony Smith, sat him on his lap, and started to rub his face on his back. Anthony managed to escape from the defendant, leaving John Satchell with defendant in the towel room. The state's witnesses testified that they observed Wells

with his right hand under a towel which John Satchell had wrapped around his trunk area, that the defendant Wells was moving his hand around inside the towel, and that it appeared that the defendant Wells was massaging the boy's sexual organs. The witnesses observed these acts through a crack between the top and bottom panels of a "Dutch" type door. John Satchell testified that the defendant Wells rubbed his legs and actually touched his sexual organs. On observing the incident, the director of the juvenile home immediately removed the three boys from the YMCA and reported the matter to the police. The defendant Wells was arrested and charged with the crime of indecent liberties with a child. The defendant took the stand and denied his guilt. Following his conviction the defendant appealed to this court claiming trial errors.

The defendant's first point on the appeal is that the trial court abused its discretion in denying the defendant's motion to allow the jury to view the door to the towel room at the YMCA. It was the defendant's position that the state's witnesses could not adequately see through the crack in the door and the jury should be able to see for themselves if the witnesses' testimony was credible. The witnesses' estimates of the width of the crack varied from one-fourth inch to one inch. The trial court after hearing all of the testimony denied the motion for a view of the scene, concluding that the jury would not be substantially aided by a view in arriving at their decision. It should be noted that the defendant made no attempt to produce photographs of the door, nor was any testimony offered at the trial to establish that the door was in the same condition as it was on the date when the alleged crime was committed. From the entire record we have concluded that the granting or denial of a jury view of the scene rested within the sound discretion of the court. We cannot say that the trial court abused its discretion in denying the motion.

The defendant's second point is that the trial court erred in refusing the defendant's offer of proof and in denying a mistrial when a defense witness, Sergeant Pruett, was unable to appear at the trial because he was hospitalized following surgery. Rather than asking for a continuance prior to the beginning of the trial, the defendant's counsel requested an opportunity to make an offer of proof to the effect that, if called as a witness, Sergeant Pruett would testify that the defendant willingly gave him a

statement and that the defendant consistently denied any wrong-doing. The trial court suggested that the defendant Wells, who had already testified, be recalled to the stand and testify as to giving a statement and as to his consistent denials to the police. The prosecutor stated that he would not introduce evidence to deny that testimony. At that point the defendant's counsel moved for a mistrial. We cannot say that the trial court abused its discretion under the circumstances. The defendant was allowed to testify as to his denial of guilt and such testimony was not rebutted by the state. Under the circumstances we cannot say that the trial court committed error in refusing to declare a mistrial because of the nonavailability of Sergeant Pruett.

The defendant's final two points concern the instruction given by the court relative to the elements of the crime of indecent liberties with a child and the refusal of the trial court to give certain requested instructions proposed by the defendant. The defendant submitted a requested instruction in the following language:

"1.   That the defendant fondled or touched the sexual organs of John Satchell in a lewd manner with the intent to arouse or to satisfy the sexual desires of the defendant;

"2.   That John Satchell was then a person under the age of 16 years; and

"3.   That this act occurred on or about the 20th day of May, 1976, in Wyandotte County, Kansas."

In addition, the defendant submitted another requested instruction as follows:

"You cannot convict a person merely for his thoughts unless he performs some physical act to carry those thoughts into action. You must determine for your-selves whether the act is one which necessarily and in all cases connotes a lustful, indecent and obscene state of mind.

"If there is any other possible explanation for a touching than to arouse sexual desire, then you must find the defendant not guilty."

The instruction actually given by the court substituted the word "person" for the words "sexual organs" in the first paragraph and was in the following language:

"INSTRUCTION NO. 1 OF THE COURT

"The defendant is charged in the Information with the crime of indecent liberties with a child contrary to and in violation of K.S.A. 21-3503. The defendant pleads not guilty.

"The elements of the crime of indecent liberties with a child insofar as this case is concerned are as follows:

"1. That the defendant fondled or touched *the person* of John Paul Satchell, in a lewd manner, with the intent to arouse or to satisfy the sexual desires of either or both;

"2. That John Paul Satchell was then a child under the age of 16 years; and

"3. That this act occurred on or about the 20th day of May 1976, in Wyandotte County, Kansas.

"To establish this charge each and every element must be proved, beyond a reasonable doubt." (Emphasis supplied.)

The instruction as given is essentially that recommended in the 1975 Supplement to PIK Criminal 57.05.

The defendant's position on the appeal is that the statute, K.S.A. 1975 Supp. 21-3503, requires the state to prove as an element of the crime of indecent liberties with a child that there was a lewd fondling or touching of the *sexual organs* of the child or the offender. In our judgment the defendant's contention is not correct. The Code of Criminal Procedure which became effective on July 1, 1970, defined indecent liberties with a child in K.S.A. 21-3503(1) as follows:

"(1) Indecent liberties with a child is engaging in either of the following acts with a child under the age of sixteen (16) years who is not the spouse of the offender:

"(*a*) The act of sexual intercourse;

"(*b*) Any fondling or touching of the person of either the child or the offender done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

This statute was declared unconstitutionally vague in *State v. Conley,* 216 Kan. 66, 531 P.2d 36, because of the combined indefiniteness as to the type of contact and the part of the body involved as set out in the statute.

Following *Conley* the 1975 legislature amended the statute to its present form by adding the word "lewd" as a modifier of "fondling or touching." In amending the statute in 1975 the legislature did not see fit to substitute the words "sex organs" in place of "person" so as to make a lewd fondling or touching of the *sex organs* of either the child or the offender a necessary element of the crime. It is sufficient under the 1975 statute for the state to establish that the defendant committed the act of a lewd fondling or touching of the person of the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both. In this case the trial court properly instructed the jury as to the statutory elements of the crime charged.

The defendant in his brief concedes that the word "lewd" as a modifier has a well-understood meaning and that the terms "lewd fondling" or "lewd touching" imply a type of activity exhibiting a depraved or lascivious intent. As pointed out in the majority opinion in *Conley,* child molestation statutes in many states use such terms as "lascivious," "sexually molest," "indecent," or "lewd" as a modifier of fondling or touching. The word "lewd" has an unmistakable meaning which is very well and generally understood. The common definition of lewd may be found in Webster's Third New International Dictionary (p. 1301) where it is defined as sexually unchaste or licentious; suggestive of or tending to moral looseness; inciting to sensual desire or imagination; indecent, obscene, salacious. Similar definitions may be found in practically any standard dictionary.

Obviously K.S.A. 1975 Supp. 21-3503 is aimed toward the protection of the moral integrity of the child. In our judgment the words in the statute, "lewd fondling or touching" of the person of either the child or the offender, should be construed to require the state to prove a fondling or touching in a manner which tends to undermine the morals of the child, which is so clearly offensive as to outrage the moral senses of a reasonable person, and which is done with the specific intent to arouse or to satisfy the sexual desires of either the child or the offender or both. Such a construction of the word "lewd" might well be given by a trial court when requested by either the state or the defendant in a criminal case involving this offense. In the present case counsel for the defendant did not request the court to define the words "lewd fondling or touching" and hence we find no error in the instruction given by the court which correctly defined the elements of the crime.

We find no error in the failure of the trial court to give the other requested instruction submitted by the defendant which is set forth above. The trial court instructed the jury that to establish this charge each and every element of the crime must be proved beyond a reasonable doubt. The requested instruction was argumentative in nature and was properly left for the defense counsel in his summation. On the basis of the record we cannot say that the trial court erred in failing to submit to the jury the instructions requested by the defendant.

The judgment of the district court is affirmed.