No. 58,774

State of Kansas, *Appellee*, v. Luis Ramos, *Appellant.*

(731 P.2d 837)

Opinion filed January 16, 1987.

*Benjamin C. Wood,* chief appellate defender, argued the cause and was on the brief for appellant.

*Jay C. Hinkel,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Prager, J.: This is a direct appeal by the defendant, Luis Ramos, from jury convictions of aggravated indecent liberties with a child (K.S.A. 1983 Supp. 21-3504) and misdemeanor battery (K.S.A. 21-3412).

The facts in the case are not greatly in dispute and are as follows: About one week prior to June 16, 1984, the defendant, Luis Ramos, attempted to show a pornographic magazine to his daughter, age ten. Defendant was interrupted in this act by the arrival in the room of a younger child. Four or five days later, defendant called his daughter from the hall into a bedroom to massage his legs and scratch his head. Defendant was lying on the bed, partially clothed. As the child scratched his head, defendant raised up and placed a kiss on her mouth. Defendant had never kissed his daughter or his other children in this way before. The daughter reacted by drawing in her lips. Defendant then pulled his daughter onto the bed and got on top of her, but then acquiesced to his daughter's protests and allowed her to leave.

The daughter went downstairs to watch TV, followed by defendant about five minutes later. When the daughter approached defendant to report to him that her brothers had not done as they

had been told, defendant hugged his daughter and took her by the arm and led her into the kitchen. In that room, he fondled and touched her buttocks and pubic area through her clothes. Again the child protested, and again defendant allowed her to leave.

The daughter stayed out of the house until her mother returned, and she immediately told her mother what had happened. The mother told her never to be in the house alone with the defendant. The child later told her aunt about the incident when she stayed overnight with her cousin on June 15-16, 1984.

In the early morning hours of June 16, 1984, defendant came home drunk and demanded sex from his wife. She refused, ran from the bedroom, and was pursued downstairs by defendant. He struck his wife between her stomach and breasts, which caused her to scream loudly enough that one of the children called the police. A call was also placed to the aunt keeping the daughter for the night. She arrived at defendant's home the same time as the police. The aunt reported the daughter's complaints about the sexual molestation by the defendant. Defendant was subsequently charged.

At the trial, the only evidence presented was the testimony of the State's witnesses. The defendant had asserted the defense of insanity but presented no expert witnesses or other evidence to support the defense. The jury found the defendant guilty as charged. The defendant appealed.

The first issue raised on the appeal is whether the State's evidence was sufficient to support defendant's conviction of aggravated indecent liberties with a child (K.S.A. 1983 Supp. 21-3504). Defendant maintains that the evidence as to the touching and fondling of the child did not rise to the level of being "lewd" as required by K.S.A. 1983 Supp. 21-3504. Defendant further argues that there was insufficient evidence of defendant's intent to arouse or satisfy his sexual desires.

In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential

elements of the charge are sustained. *State v. Wise*, 237 Kan. 117, 697 P.2d 1295 (1985); *State v. Pink*, 236 Kan. 715, 729, 696 P.2d 358 (1985).

The requirement of a "lewd touching or fondling" as an element of indecent liberties with a child was discussed in *State v. Wells*, 223 Kan. 94, 97-98, 573 P.2d 580 (1977). In that opinion, we construed the words "lewd fondling or touching" of the person of either the child or the offender to require the State to prove a *fondling or touching in a manner which tends to undermine the morals of the child,* which is so clearly offensive as to outrage the moral senses of a reasonable person, and which is done with the specific intent to arouse or to satisfy the sexual desires of either the child or the offender or both.

In this case the term "lewd" was defined in a manner consistent with that definition. The question of lewdness was an important element in the case which was argued to the jury by both attorneys. In our judgment, the evidentiary record before us is sufficient to show not only that the touching of the child by the defendant was lewd, but that it was done with the intent to arouse or satisfy defendant's sexual desires. It was undisputed that the defendant had attempted to show the child some pornographic pictures several days before the touching occurred. The defendant kissed the child while she was massaging his legs and scratching his head. He pulled her onto the bed. Shortly thereafter, he hugged her in the dining room and led her into the kitchen, where he fondled and touched her buttocks and pubic area. Viewed in the light most favorable to the prosecution, in our judgment there was sufficient evidence to sustain the conviction of aggravated indecent liberties with a child.

The next point raised on the appeal is that the trial court erred in failing to give an instruction on the lesser offense of aggravated sexual battery under K.S.A. 1983 Supp. 21-3518. K.S.A. 1985 Supp. 21-3107(3) requires a trial court to instruct on a lesser offense when there is evidence introduced to support a conviction of the lesser offense. *State v. Hutton*, 232 Kan. 545, 552, 657 P.2d 567 (1983). The defendant in this case was tried and convicted on the charge of aggravated indecent liberties with a child under K.S.A. 1983 Supp. 21-3504, which provided in part as follows:

"**21-3504. Aggravated indecent liberties with a child.** (1) Aggravated indecent

liberties with a child is the commission of indecent liberties with a child, as defined in K.S.A. 21-3503 and amendments thereto, by:

"(a) A parent, adoptive parent, stepparent or grandparent of the child; or . . . ."

Indecent liberties with a child was defined in K.S.A. 1983 Supp. 21-3503 as follows:

"21-3503. Indecent liberties with a child. (1) Indecent liberties with a child is engaging in either of the following acts with a child who is not married to the offender and who is under 16 years of age:

"(a) Sexual intercourse; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

K.S.A. 1983 Supp. 21-3518 provided for the crime of aggravated sexual battery as follows:

"21-3518. Aggravated sexual battery. (1) Aggravated sexual battery is:

"(a) The unlawful, intentional application of force to the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another;

"(b) sexual battery, as defined in K.S.A. 1983 Supp. 21-3517 and amendments thereto, against a person under 16 years of age."

K.S.A. 1983 Supp. 21-3517 defined sexual battery as follows:

"21-3517. Sexual battery. (1) Sexual battery is the unlawful, intentional touching of the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another."

Prior to July 1, 1983, the crime of aggravated indecent liberties with a child under K.S.A. 21-3504 was a class B felony. Aggravated sexual battery under K.S.A. 1983 Supp. 21-3518 was enacted July 1, 1983, as a class D felony.

Although the elements of the two crimes were quite similar, the distinguishing factor was that aggravated indecent liberties with a child required a lewd fondling or touching by a parent, adoptive parent, stepparent, or grandparent of the child. This relationship was not required by the aggravated sexual battery statute. From a reading of these statutes, it is clear to us that the legislature intended to establish certain sex offenses applicable where family relationships were not involved. The legislature also intended that when lewd acts for sexual gratification were directed by a parent against his own child, it constituted a more serious offense than when the acts were perpetrated by a defendant against a child with whom he had no family relationship.

In this case, the defendant did not request an instruction on aggravated sexual battery under K.S.A. 1983 Supp. 21-3518. The case was tried on the basis that the defendant was either guilty of aggravated indecent liberties with his own child or was not guilty of any offense. We have concluded that the trial court did not err in failing to give an instruction on aggravated sexual battery under 21-3518.

The next point raised is that the sentence of ten-to-fifty years imposed by the trial court constituted punishment in violation of the constitutional prohibition against cruel and unusual punishment. The defendant complains that, at the time the offense was committed, it was classified as a class B felony and that two weeks later, after July 1, 1984, the classification of the crime was changed to a class D felony (K.S.A. 1985 Supp. 21-3603). Thus, a person convicted of committing the same act just two weeks later than the act committed by the defendant could be sentenced at the very most to three-to ten years in prison. At the time defendant was sentenced, the minimum term prescribed for a class B felony was a term of not less than five nor more than fifteen years, with a maximum of not less than twenty nor more than life. The sentence imposed by the court was not the maximum term permitted by statute. Thus, the sentence imposed was within the statutory limits. In *State v. Maxwell,* 10 Kan. App. 2d 62, 691 P.2d 1316 (1984), *rev. denied* 236 Kan. 876 (1985), the defendant contended that the sentence imposed violated the prohibition against cruel and unusual punishment, although the sentence was within the statutory limits. In the opinion, the court stated that generally Kansas courts will not interfere with a sentence handed down by a trial court which is within the permissible statutory limits in the absence of special circumstances showing an abuse of discretion. See *State v. Stellwagen,* 232 Kan. 744, 750, 659 P.2d 167 (1983).

The record in the present case shows that the trial judge considered the policy mandates of K.S.A. 21-4601 and the minimum sentence criteria of K.S.A. 21-4606. The fact that K.S.A. 1983 Supp. 21-3504 was amended to provide a lesser sentence does not render invalid the sentence actually imposed. In *State v. Armstrong,* 238 Kan. 559, 712 P.2d 1258 (1986), this court held that where a new criminal statute is passed in a field already occupied by an older statute, the new enactment will not apply

as to crimes already committed at the time the new statute is passed. Ordinarily, the criminal statute and penalty in effect at the time the criminal offense was committed is controlling. We hold that the trial court did not err in the sentence which it imposed in this case.

The last point raised on the appeal is that the trial court erred in instructing the jury on the presumption of intent as set forth in PIK Crim. 2d 54.01. At the trial, defense counsel approved the instruction. On the appeal, new defense counsel now complains that the instruction was erroneous because it relieved the State of its burden to prove beyond a reasonable doubt the existence of criminal intent and, therefore, there was a violation of the due process clause of the Fourteenth Amendment. In *State v. Patchett*, 229 Kan. 163, 621 P.2d 1011 (1981), this court held that the instruction in question creates only a permissible inference and does not shift the burden of proof to the defendant. The instruction was recently upheld in *State v. Mason*, 238 Kan. 129, 708 P.2d 963 (1985), and again in *State v. Ransom*, 239 Kan. 594, 722 P.2d 540 (1986).

The jury was also instructed that, in order to find the defendant guilty of the crime charged, the State was required to prove that his conduct was intentional, and that intentional means willful and purposeful and not accidental. Considering the instructions as a whole, we hold that the instruction complained of did not shift the burden of proof to the defendant to prove he had no criminal intent. The instruction was not erroneous, and we find no error.

For the reasons set forth above, the defendant's conviction and the sentence imposed thereon are affirmed.

ALLEGRUCCI, J., not participating.

HOLMES, J., dissenting: I respectfully dissent from that portion of the majority opinion that holds that aggravated sexual battery, as defined in K.S.A. 1983 Supp. 21-3518(1)(b), is not a lesser included offense of aggravated indecent liberties with a child under K.S.A. 1983 Supp. 21-3504. The statutes are set forth in the majority opinion and need not be repeated here. We have defined "lesser included offense" on numerous occasions. In *State v. Galloway*, 238 Kan. 415, Syl. ¶ 2, 710 P.2d 1320 (1985), we held:

"An offense is considered a lesser included offense under K.S.A. 1984 Supp.

21-3107(2)(d) when all elements necessary to prove the lesser offense are present and required to establish the elements of the greater offense charged."

In discussing lesser included offenses under 21-3107(2) in *State v. Arnold*, 223 Kan. 715, 716, 576 P.2d 651 (1978), Chief Justice Schroeder, writing for a unanimous court, stated:

"Lesser included offenses fall into three categories under our statute. The first is the offense which is merely a lower degree of the offense charged or subparagraph (*a*) under the statute. The second category is the attempt as a lesser included offense or subparagraphs (*b*) and (*c*) under the statute. The third category is the offense which is necessarily committed by the defendant in perpetrating the crime charged or subparagraph (*d*) under the statute. Under this section it is impossible to commit the greater offense without first having committed the lesser offense. The offense must not require some additional element which is not needed to constitute the greater offense. In other words, there must be 'identity of elements.' (See Note, *The Doctrine of Lesser Included Offenses in Kansas*, 15 Washburn L.J. 40, 41-45 [1976].)"

The majority in this case has chosen to totally ignore the test used repeatedly by this court and instead bases its determination on some new theory which looks to the intent of the legislature. The majority states:

"From a reading of these statutes, it is clear to us that the legislature intended to establish certain sex offenses applicable where family relationships were not involved. The legislature also intended that when lewd acts for sexual gratification were directed by a parent against his own child, it constituted a more serious offense than when the acts were perpetrated by a defendant against a child with whom he had no family relationship." p. 488.

I have no quarrel with the majority's determination of the legislative intent behind the statutes. Where we part company is in adopting legislative intent as the test for a lesser included offense. A purely cursory reading of the statutes makes it abundantly clear that the offense of aggravated indecent liberties with a child, as it existed herein, cannot be proved without also proving all of the elements of the offense of aggravated sexual battery under K.S.A. 1983 Supp. 21-3518(1)(b). Hence, the latter crime is a lesser included offense of the crime charged and K.S.A. 1985 Supp. 21-3107(3) requires that the court so instruct the jury.

I cannot ignore our often-repeated definition of a lesser included offense purely for the sake of affirming a conviction which was probably otherwise justified. Considering the facts of this case, the jury may well have convicted the defendant of the lesser included offense, a class D felony, rather than the greater

offense, a class B felony, if it had been properly instructed and given that opportunity. As a result, this father has been sentenced to a term of ten years to life as opposed to a maximum sentence of three to ten years for the lesser offense.

I would reverse the judgment and remand the case for a new trial.

SCHROEDER, C.J., joins in the foregoing dissenting opinion.