No. 59,645

STATE OF KANSAS, *Appellee*, v. ROBERT HUTCHCRAFT, *Appellant.*

(744 P.2d 849)

Opinion filed October 30, 1987.

*Brad L. Keil*, assistant appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with him on the brief for the appellant.

*Wesley K. Griffin*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Nick A. Tomasic*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Robert Hutchcraft, charged with various offenses involving six minor children, was convicted by jury trial in the District Court of Wyandotte County of five counts of indecent liberties with a child, two counts of aggravated criminal sodomy, and one count of rape, all committed between July 12, 1983, and July 12, 1985. He was acquitted of one additional count of indecent liberties with a child. He was sentenced as a habitual criminal to concurrent terms of 30 years to life for rape and the two counts of aggravated criminal sodomy, and concurrent terms of 5 to 20 years for the five counts of indecent liberties with a child, the latter to be consecutive to the 30 years to life sentences. He appeals, contending that the offenses of indecent liberties with a child contained in certain of the counts, rape, and aggravated criminal sodomy are identical to the offense of aggravated incest; that the trial court erred in failing to instruct the jury as to the lesser included offense of aggravated sexual battery relating to Count V which charged him with committing indecent liberties; and that the court committed error in its application of K.S.A. 60-460(dd). Since the points raised are questions of law, we need not detail the facts.

We turn first to the defendant's claim that the offense of indecent liberties with a child, as defined by K.S.A. 1983 Supp. 21-3503, is identical with the offense of aggravated incest, as defined by K.S.A. 1984 Supp. 21-3603. Both sections of the statute were originally enacted as a part of the comprehensive Kansas Criminal Code in 1969. See L. 1969, ch. 180. K.S.A. 21-3503, defining indecent liberties with a child, is a part of article 35, defining sex offenses; K.S.A. 21-3603, defining aggravated incest, is a part of article 36, defining crimes affecting family relationships and children.

K.S.A. 1983 Supp. 21-3503, which became effective on July 1, 1983, reads as follows:

"21-3503. **Indecent liberties with a child.** (1) Indecent liberties with a child is engaging in either of the following acts with a child who is not married to the offender and who is under 16 years of age:

"(a) Sexual intercourse; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both.

"(2) Indecent liberties with a child is a class C felony."

That statute was amended in 1984 to include sodomy as one of the prohibited acts; it was again amended in 1985 to delete sodomy. For the present discussion, the inclusion of sodomy as one of the prohibited acts for the one-year period is not important.

K.S.A. 1984 Supp. 21-3603 defines aggravated incest, as follows:

"21-3603. **Aggravated incest.** (1) Aggravated incest is marriage to or engaging in any prohibited act enumerated in subsection (2) with a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece.

"(2) The following are prohibited acts under subsection (1);

"(a) Sexual intercourse, sodomy or any unlawful sex act, as defined by K.S.A. 21-3501 and amendments thereto; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both.

"(3) Aggravated incest is a class D felony."

All of the alleged victims were step-grandchildren of the defendant. Thus, he contends that aggravated incest is an identical offense to that of indecent liberties with a child, under the particular circumstances of this case. We do not agree. Indecent liberties with a child requires the State to prove that the child is not married to the offender and that the child is under sixteen years of age. Aggravated incest requires the State to prove that the child is under eighteen years of age; that the child is related to the offender as a biological, step, or adoptive relative; and that the defendant, knowing of that relationship, either married the child or committed certain prohibited acts with the child. It is clear that the offense of indecent liberties with a child is not identical with the offense of aggravated incest. The identity of offenses which we found in *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987), and *State v. Jackson*, 239 Kan. 463, 721 P.2d 232 (1986), is lacking here. Nowhere in the indecent liberties

with a child statutes do we find that the State must prove that the victim was, and was known to the offender to be, a biological, step, or adoptive relative. Thus, the offenses charged in Counts I, VI, VII, and IX, indecent liberties with a child, were not identical with the offenses which might have been charged under the aggravated incest statute, and the trial court did not err in submitting to the jury instructions relating to indecent liberties with a child on those counts, and, upon defendant's conviction by the jury, in sentencing him for Class C felonies.

Defendant was convicted of raping one of the victims under a charge contained within Count II of the information. Defendant contends on appeal that the offense of rape is identical to the offense of aggravated incest. We do not agree. Rape, as defined by K.S.A. 1984 Supp. 21-3502, is sexual intercourse with a person who does not consent to the intercourse, under any of certain circumstances. The State must prove either that the victim was overcome by force or fear, or was unconscious or physically powerless, or was incapable of giving consent because of mental deficiency or disease which condition was known by the offender or was reasonably apparent to the offender, or that the victim was incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug, or other substances under certain circumstances. To establish the offense of aggravated incest, as defined by K.S.A. 1984 Supp. 21-3603, the State was required to prove that the child victim was under eighteen years of age and was related to the offender in certain biological, step, or adoptive relationships and that the defendant, knowing of that relationship, either married the child or committed certain prohibited acts with the child. The prohibited acts include sexual intercourse, sodomy, certain other unlawful sexual acts, or any lewd fondling or touching under certain circumstances. The elements of the two offenses are not the same, and the trial court did not err in instructing the jury on the offense of rape, and in proceeding to sentence the defendant for a Class B felony upon his conviction thereof.

Finally, in this regard, the defendant contends that the offense of aggravated criminal sodomy, as defined by K.S.A. 1983 Supp. 21-3506, is an identical offense to that of aggravated incest, K.S.A. 1984 Supp. 21-3603. Aggravated criminal sodomy, as

defined by K.S.A. 1983 Supp. 21-3506, requires the State to prove that the defendant engaged in sodomy with a child who is not married to the offender and who is under sixteen years of age. Aggravated incest, on the other hand, requires the State to establish that the defendant married or engaged in certain prohibited acts with a person who was under eighteen years of age and who was, and who was known to the offender to be, related to the offender as any of certain biological, step, or adoptive relatives. While sodomy with such a person is a prohibited act under the aggravated incest statute, the age of the children involved varies from one statute to the other. The aggravated incest statute requires proof of biological, step, or adoptive relationships between the accused and the victim, and knowledge by the accused of that relationship—elements not found in the aggravated criminal sodomy statute. We conclude that neither indecent liberties with a child, nor rape, nor aggravated criminal sodomy constitute identical offenses with that of aggravated incest, as defined in K.S.A. 1984 Supp. 21-3603.

Defendant next contends that the trial court committed reversible error in failing to instruct the jury as to the lesser included offense of aggravated sexual battery, as defined by K.S.A. 1983 Supp. 21-3518, relating to Count V, which charged the defendant with committing indecent liberties with one of the minor children between July 12, 1983, and June 9, 1984. We have discussed the offense of indecent liberties with a child, and have sufficiently set forth the elements above. Aggravated sexual battery is defined by K.S.A. 1983 Supp. 21-3518(b) as "sexual battery, as defined in K.S.A. 1983 Supp. 21-3517 and amendments thereto, against a person under 16 years of age." K.S.A. 1983 Supp. 21-3517 defines sexual battery as "the unlawful, intentional touching of the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another."

In *State v. Ramos*, 240 Kan. 485, 731 P.2d 837 (1987), we held that aggravated sexual battery is not a lesser included offense of aggravated indecent liberties with a child, K.S.A. 1983 Supp. 21-3504. The offense of aggravated indecent liberties with a child, as considered in the *Ramos* opinion, included the element

that the person committing the offense be a parent, adoptive parent, stepparent, or grandparent of the child. We held that the trial court did not err in failing to give an instruction on aggravated sexual battery. We said:

"Although the elements of the two crimes were quite similar, the distinguishing factor was that aggravated indecent liberties with a child required a lewd fondling or touching by a parent, adoptive parent, stepparent, or grandparent of the child. This relationship was not required by the aggravated sexual battery statute. From a reading of these statutes, it is clear to us that the legislature intended to establish certain sex offenses applicable where family relationships were not involved. The legislature also intended that when lewd acts for sexual gratification were directed by a parent against his own child, it constituted a more serious offense than when the acts were perpetrated by a defendant against a child with whom he had no family relationship." 240 Kan. at 488.

After the occurrence of the events in *Ramos*, a legislative amendment to K.S.A. 1983 Supp. 21-3504 became effective. That statute, defining aggravated indecent liberties with a child, no longer includes the element that the offender be a parent, adoptive parent, stepparent, or grandparent. K.S.A. 1986 Supp. 21-3504 now prohibits acts by a guardian, proprietor, or employee of foster homes, orphanages, or other institutions for the care of children, but parents are no longer specifically included. Aggravated indecent liberties with a child remains a Class B felony. K.S.A. 21-3503, indecent liberties with a child, in all of its various forms since 1969, prohibits various sexual acts with children by anyone, including strangers and parents. Relationship is not an element, except that the offender is not married to the victim. Indecent liberties with a child is a Class C felony. K.S.A. 1984 Supp. 21-3603, aggravated incest, prohibits sexual intercourse or other sexual acts between natural, step, or adoptive parents and their children. Aggravated incest is a Class D felony. K.S.A. 1983 Supp. 21-3518 defines the offense of aggravated sexual battery. The elements of that offense are set forth above; relationship of the parties, except that they not be married to each other, is not an element of the offense. Aggravated sexual battery is a Class D felony.

The rationale upon which our opinion in *Ramos* was based is no longer valid; a sex crime by a parent against a child is no longer a more serious offense than a sex crime by a stranger

against a child. A parent can be charged with indecent liberties with a child under 21-3503, as defendant was in this case, or the parent can be charged with aggravated incest under 21-3603 or with aggravated sexual battery under 21-3518, both less serious offenses.

The defendant in the case before us was charged with indecent liberties with a child under K.S.A. 1983 Supp. 21-3503, not with aggravated indecent liberties with a child under K.S.A. 1983 Supp. 21-3504. Relationship of the parties is not an element under K.S.A. 1983 Supp. 21-3503. Upon reviewing the elements of the statute under which the defendant was charged, and the aggravated sexual battery statute quoted above, we conclude that it was impossible for the State to prove the charge of indecent liberties with a child, as charged in Count V of the information herein, without proving the offense of aggravated sexual battery as defined in K.S.A. 1983 Supp. 21-3518(b). While it is true that the aggravated sexual battery statute requires the State to prove that the victim did not consent, the State was required to prove, under the indecent liberties statute, that the victim was not married to the offender and was under sixteen years of age. The age of consent is fixed by 21-3503 at sixteen years. Such being the case, the victim could not legally consent to the conduct of the defendant. Proof that the victim was not married to the defendant and was under sixteen years of age establishes lack of consent. Further, the aggravated sexual battery statute requires the State to prove that the accused intended to arouse or satisfy the sexual desires of the offender or another, while the indecent liberties statute requires the State to prove that the accused had the intent to arouse or satisfy the sexual desires of either the child or the offender or both. No third person was involved, and under the charge and the evidence in this case, proof of the elements of indecent liberties with a child was proof of the elements of the offense of aggravated sexual battery. "Lewd fondling," an alternate element required to be proved under the indecent liberties statute, would certainly include "unlawful, intentional touching," as required under the aggravated sexual battery statute.

The duty of the trial court to instruct the jury on a lesser crime arises only where there is evidence upon which a defendant

might reasonably be convicted of the lesser crime. *State v. Keeler*, 238 Kan. 356, Syl. ¶ 9, 710 P.2d 1279 (1985); *State v. Royal*, 234 Kan. 218, 221, 670 P.2d 1337 (1983); and see K.S.A. 1986 Supp. 21-3107(3). A lesser offense is considered a lesser included offense when all of the elements necessary to prove the lesser offense are present and required to establish the elements of the greater offense charged. *State v. Galloway*, 238 Kan. 415, Syl. ¶ 2, 710 P.2d 1320 (1985). Conversely, if the lesser offense requires proof of an element not necessary in the greater, it is not a lesser included offense and the trial court should not give an instruction on the lesser offense. *State v. Daniels*, 223 Kan. 266, Syl. ¶ 2, 573 P.2d 607 (1977). Under the facts and circumstances of this case, we hold that the trial court erred in failing to instruct the jury as to the lesser included offense of aggravated sexual battery relating to Count V of the information.

Prior to the commencement of the jury trial in this case, an evidentiary hearing was held by Judge R. David Lamar pursuant to K.S.A. 60-460(dd) to determine whether an alleged child victim was or was not disqualified as a witness, and to determine whether her statements were apparently reliable and whether she was induced to make the statements falsely by use of threats or promises. At the conclusion of that hearing, attended by counsel for both parties and the defendant, Judge Lamar found that the child was disqualified as a witness, and that her statements were apparently reliable and she was not improperly induced to make them. The jury trial in this case was later held before the Honorable Cordell D. Meeks, Jr. Defendant sought to have Judge Meeks hold an additional evidentiary hearing, not because of the existence of additional evidence developed since the hearing before Judge Lamar, but because K.S.A. 60-460(dd) refers to a finding by "the trial judge." Appellant does not challenge the qualifications and ability of Judge Lamar. He simply argues that a "trial judge" is someone who presides over a trial, but not over prior hearings in a case. This definition is too limited. We conclude that any judge assigned to hear any portion of a pending case is, for that purpose, a "trial judge." Judge Lamar heard all of the evidence, conducted a lengthy hearing, and made a careful determination based thereon. Judge Meeks,

having the record before him, affirmed and adopted Judge Lamar's findings.

The only similar case called to our attention is that of *State v. Myatt*, 237 Kan. 17, 697 P.2d 836 (1985). There, we held that the requirements of K.S.A. 60-460(dd) were not met by a district magistrate judge at a preliminary hearing. The magistrate judge, however, did not hold an evidentiary hearing as required by the statute, and did not make appropriate findings. In the present case, Judge Lamar fully complied with the statute. We find no error.

Finally, defendant contends that the statements of the child victim were improperly received under K.S.A. 60-460(dd) because her statements were not inherently reliable, and the evidence shows that she was coached by a sister. We have carefully reviewed the factors set forth in *State v. Myatt*, 237 Kan. at 25, the evidence in this case, and the rulings of the judges thereon. We conclude that there is nothing to show that the statements were not inherently reliable, and nothing to indicate that the witness was coached by a sister in any respect regarding her material statements.

The defendant's conviction of indecent liberties with a child as charged in Count V of the information is reversed; otherwise the judgment is affirmed.