No. 60,857

STATE OF KANSAS, *Appellee,* v. FRANKLIN PATTERSON, *Appellant.*

(755 P.2d 551)

Opinion filed June 3, 1988.

*David Gottlieb,* supervising attorney, Kansas Appellate Practice Clinic, of Lawrence, argued the cause, and *Benjamin C. Wood,* chief appellate defender, of Topeka, was with him on the brief for the appellant.

*Mona Furst,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Debra L. Barnett,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal by the defendant, Franklin Patterson, from his conviction by jury trial in Sedgwick County of murder in the first degree, K.S.A. 21-3401; aggravated kidnapping, K.S.A. 21-3421; and aggravated robbery, K.S.A. 21-3427. The trial court found, from evidence introduced at the time

of sentencing, that the defendant had been convicted of three prior felonies, and the trial court ordered that the sentences imposed be tripled under the habitual criminal act. Defendant was sentenced to imprisonment for a period of three life terms on the charge of first-degree murder, three life terms on the charge of aggravated kidnapping, and not less than 45 years to three life terms on the charge of aggravated robbery. The sentences for aggravated kidnapping and aggravated robbery were to run concurrently but consecutive to the sentence imposed for first-degree murder.

Four issues are raised. First, was the evidence sufficient to support the conviction for aggravated kidnapping? Second, did the court err by refusing a defense request to instruct the jury on theft as a lesser offense of aggravated robbery? Third, did the court's refusal to permit the defendant to examine witnesses or introduce evidence concerning the victim's physical condition deprive defendant of the right to present a defense? And fourth, did the court's instruction on premeditation constitute plain error?

The first issue is the sufficiency of the evidence to establish the offense of aggravated kidnapping. Count II of the information charged that defendant Patterson and his nephew, John F. Copeland, "did then and there unlawfully, willfully, take or confine another, to-wit: Gloria J. Mitchell, by force, with the intent in them, the said FRANKLIN E. PATTERSON and JOHN F. COPELAND, to hold the said Gloria J. Mitchell, to inflict bodily injury, and did inflict bodily harm upon the person of the said Gloria J. Mitchell."

K.S.A. 21-3420 defines kidnapping. It reads:

"Kidnapping is the taking or confining of any person, accomplished by force . . . , with the intent to hold such person:

. . . .

"(c) To inflict bodily injury or to terrorize the victim or another."

Under K.S.A. 21-3421, kidnapping becomes aggravated kidnapping when "bodily harm is inflicted upon the person kidnapped." Thus, the elements to establish the offense of aggravated kidnapping, as charged, were that Patterson took and confined Gloria J. Mitchell by force; that it was done with the intent to hold her to inflict bodily harm upon her; that bodily

harm was inflicted upon her; and that the acts occurred on about December 12, 1986, in Sedgwick County, Kansas.

When the evidence is challenged as insufficient, the familiar standard for review is that set forth in *State v. Ramos*, 240 Kan. 485, 486-87, 731 P.2d 837 (1987), as follows:

"In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained."

We therefore review the evidence in the light most favorable to the prosecution to determine whether it supports the aggravated kidnapping conviction.

Patterson and codefendant John Copeland met the victim, Gloria Mitchell, at the Stetson Bar in Sedgwick County during the afternoon of December 12, 1986. At some point they left that bar, and visited the Paradice Club and later the Cypress Club. After they left the Cypress Club, defendant drove Gloria Mitchell's car, with Copeland and Gloria as passengers, to a gas station. Later they drove around for awhile and ultimately parked in an alley behind the trailer where Copeland and Patterson resided. According to the testimony of Copeland, Patterson and Gloria engaged in fondling and oral sex. Up to that point, the participation by all three in the activities of the evening was consensual. There is no suggestion of any kidnapping prior to the time the vehicle was parked in the alley.

The sexual activity was of short duration. Defendant became angry either over his inability or Gloria's unwillingness to engage in further sexual conduct. He began hitting Gloria with his fist and open hand until she passed out. After she regained consciousness, he proceeded to beat her again. Defendant told Copeland to go to the trailer and get a knife. Copeland left the car and within two or three minutes returned with a steak knife. Defendant told Copeland to kill Gloria. Copeland said he was not going to do it and handed the knife to the defendant. Defendant said that Copeland was not a man if he did not do it and defendant gave the knife back to Copeland. Copeland tes-

tified that he leaned up over the back seat, Patterson pushed Gloria back against the car door, and Copeland stabbed her. Patterson was holding her at the moment Copeland stabbed her. She was more or less lying down, with her head back up against the passenger door, facing the driver's door. After Copeland stabbed her, Gloria fell to the floorboard. Patterson checked and found Gloria had no pulse. Defendant started the car and drove to a remote area where the two men dumped Gloria's body. Copeland threw the knife away on the return trip. The car was parked in the same alley and was abandoned after defendant opened the glove compartment to see if there was anything in it, and looked through Gloria's purse. Defendant conceded that he looked through Gloria's purse, removed it from the car, and destroyed the identification therein. The purse was later found in his trailer.

The main contention of the defendant is that the evidence fails to prove confinement, an essential element of aggravated kidnapping. We agree. There is no evidence that Gloria was held in the automobile against her will. The car was hers. She voluntarily joined the two men, permitted Patterson to drive, and voiced no objection to any movement of the vehicle. After the vehicle was parked, Gloria was savagely beaten and fatally stabbed. She was pushed against the car door and was held by the defendant at the moment of the stabbing. We find no evidence of any act of confinement of the victim as a separate act independent of the stabbing. The act of pushing her against the car door appears to be incidental to the stabbing and thus will not support a kidnapping charge. Evidence indicated that the victim was extremely intoxicated. There is no evidence that she asked to leave the vehicle, attempted to leave the vehicle, or was restrained in any way, or that she was held by Patterson except at the moment that she was killed. While the beating and stabbing were senseless, and the acts revolting, we find no evidence to support the kidnapping charge.

The next issue is whether the trial court erred in refusing to instruct the jury on the crime of theft as a lesser offense of aggravated robbery. Defendant does not contend that the evidence was insufficient to support a conviction of aggravated robbery; he contends that the evidence was also sufficient to

support a conviction of theft, and the trial court should have so instructed the jury.

Robbery is defined by K.S.A. 21-3426 as the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force. Aggravated robbery is defined by K.S.A. 21-3427 as robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery. Theft is defined by K.S.A. 1987 Supp. 21-3701, insofar as is here material, as obtaining or exerting unauthorized control over property when the act is done with intent to deprive the owner permanently of the possession, use, or benefit of the owner's property.

The doctrine of lesser included offenses has been codified in Kansas. K.S.A. 1987 Supp. 21-3107 provides, in part:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;

"(b) an attempt to commit the crime charged;

"(c) an attempt to commit a lesser degree of the crime charged; or

"(d) a crime necessarily proved if the crime charged were proved.

"(3). In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced. If the defendant objects to the giving of the instructions, the defendant shall be considered to have waived objection to any error in the failure to give them, and the failure shall not be a basis for reversal of the case on appeal."

In *State v. Long*, 234 Kan. 580, Syl. ¶ 4, 675 P.2d 832 (1984), we held that:

"For purposes of K.S.A. 21-3107(2)(a) the crime of theft is an included crime of robbery as a 'lesser degree of the same crime,' and therefore the trial court is required to instruct the jury on the crime of theft in a prosecution for robbery where there is evidence to support a conviction of theft."

We concluded, however, that no evidence was presented by the defendant, Long, upon his theory of defense which would reasonably have supported his conviction of the lesser crime of theft, and therefore the trial court did not err in failing to instruct the jury on the crime of theft.

It is a familiar rule, as codified in the statute, that a trial court has an affirmative duty to instruct the jury on lesser included offenses, including lesser degrees of the same crime; however, this duty does not arise unless there is evidence supporting the lesser offense. Further, we have held that in order for the evidence to be sufficient to require instructions on lesser included offenses, testimony supporting such instructions must be offered either by the State or the defense for the purpose of proving what events occurred. *State v. Armstrong,* 240 Kan. 446, 460, 731 P.2d 249 (1987).

Defendant argues that the jury might have found that he did not commit the acts of force that made the robbery possible, and that the jury should have been permitted to decide whether the act of taking the purse was sufficiently remote from the homicide to render the offense of taking the purse theft rather than robbery. The State's evidence was that defendant sent his nephew for the knife, told him to kill the victim, handed him the knife, and held the victim while the homicide was committed. Defendant did not testify, and offered no evidence as to how the homicide occurred. The jury found the defendant guilty of murder in the first degree, and thus resolved the factual issues of the homicide adverse to his present position. As to remoteness, the jury was specifically instructed, in response to a jury question, that "[i]f you find beyond a reasonable doubt that the act of force and the taking of the property are so connected as to form a continuous chain of events so that the prior force made it possible for the defendant to take property from the victim without resistance, such act of force is sufficient" to support the taking by force element in the aggravated robbery instruction.

This instruction appears consistent with our opinion in *State v. Myers,* 230 Kan 697, 640 P.2d 1245 (1982). There, approximately three hours after the defendant murdered the victim, the defendant removed the victim's wallet and money from his body. We said:

"[W]here the act of force and the taking of the property are so connected as to form a continuous chain of events so that the prior force makes it possible for the defendant to take property from the victim's body without resistance, that is sufficient for a conviction of the crime of robbery." Syl. ¶ 2.

Here, the issue of remoteness was resolved against the position

now advanced by the defendant. Upon careful consideration of the evidence in this case, we conclude that the trial court did not err in failing to instruct the jury on the lesser offense of theft.

Defendant also contends that the trial court's refusal to permit the defendant to examine witnesses or introduce evidence concerning the victim's physical condition deprived him of the right to present a defense. Defendant attempted to show that the victim had been beaten and physically abused in the past by her husband or some third person, and thus, some of the bruises on her body might have been caused by someone other than the defendant. Defendant admitted that he struck the victim; the victim's death, however, was caused by a stab wound, not by the beatings she sustained. Defendant was unable to convince the trial court that the proffered evidence was material. We agree. Evidence that the victim had been beaten by others sometime before the fatal events took place would not justify defendant's actions and would not constitute a defense to the charges here. Prior beatings did not cause the victim's death. The trial court did not abuse its discretion in rejecting the evidence.

For his final issue, defendant contends that the trial court's instruction on premeditation constituted plain error, mandating reversal. There was no contemporaneous objection at the trial level and, thus, an appellate court may reverse only if the instruction was clearly erroneous. *State v. Holley*, 238 Kan. 501, 506, 712 P.2d 1214 (1986); *State v. Peck*, 237 Kan. 756, Syl. ¶ 4, 703 P.2d 781 (1985); *State v. Korbel*, 231 Kan. 657, Syl. ¶ 4, 647 P.2d 1301 (1982). "An instruction is clearly erroneous when a reviewing court reaches a firm conviction that if the trial error had not occurred, there was a real possibility the jury would have returned a different verdict." *State v. Houck*, 240 Kan. 130, 139, 727 P.2d 460 (1986).

The trial court gave the substance of the standard premeditated murder instruction, PIK Crim. 2d 56.01, to which the court added the following: "There is no specific time element required to establish premeditation." Also, the trial court gave the following definition from PIK Crim. 2d 56.04(b), which reads in part: "Deliberately and with premeditation means to have thought over the matter beforehand."

Defendant relies on *State v. Martinez*, 223 Kan. 536, 537, 575

P.2d 30 (1978), where the trial court had instructed that "pre-meditation" means to have "thought of beforehand for any length of time sufficient to form an intent to act, however short." While we did not approve the instruction, we found no prejudicial error under the facts of that case. The defendant was shown to have had ample time to deliberate and premeditate. In the case at hand, there were two instructions, not one as in *Martinez.* The instructions correctly state the law. The evidence indicates that Patterson had ample time for premeditation while his nephew walked to the trailer and returned with a knife. The instruction was not plain error.

The conviction of aggravated kidnapping is reversed; otherwise, the judgment is affirmed.