NOT DESIGNATED FOR PUBLICATION

No. 115,541

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALLEN J. SNELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 11, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., MCANANY and ATCHESON, JJ.


*Per Curiam*:  Defendant Allen Snell challenges the Sedgwick County District Court's use of his 1977 Colorado conviction for sexual assault on a child to treat him as a persistent sex offender and to enhance accordingly his sentence for attempted rape in this case. Although the district court relied on the wrong version of the Colorado statute, we find the mistake to be harmless under the circumstances. As we explain, the mistake presents a correctable legal error. We have reviewed the correct version of the statute and conclude the district court reached the right result. We, therefore, affirm the judgment.

1

The State charged Snell in July 2014 with one count of rape based on an incident that occurred about 3 years earlier. The facts giving rise to the charge are irrelevant to the sentencing issue before us, so we dispense with any rendition of them. As part of a plea agreement, Snell pleaded guilty in February 2015 to an amended charge of attempted rape, and he was sent to Larned State Hospital for evaluation before sentencing. See K.S.A. 2016 Supp. 22-3429. Based on the evaluation, the district court exercised its authority to commit Snell to the secure facility at the hospital for treatment rather than sending him to prison. See K.S.A. 2016 Supp. 22-3430(a). When that happens, the district court must determine a period of commitment not to exceed the duration of a lawful sentence for the crime of conviction. If a defendant achieves maximum improvement at the state hospital, the district court may then order the defendant to serve the balance of the period in prison or direct some other disposition. K.S.A. 2016 Supp. 22-3431(c).

Here, the district court had to determine how Snell's 1977 Colorado conviction would affect any sentence for the attempted rape, which, in turn, would fix the outer limit of Snell's commitment to the state hospital. Upon conviction of one of a number of statutorily designated sex crimes, a defendant may be sentenced as a persistent offender—doubling the presumptive term of incarceration—if he or she has a previous conviction for a sex crime. K.S.A. 2016 Supp. 21-6804(j)(1). Snell's conviction for attempted rape in this case made him eligible for that sentencing enhancement if his 1977 Colorado conviction were a felony "comparable" to any Kansas crime designated as a "sexually violent" offense. See K.S.A. 2016 Supp. 21-6804(j)(2)(A)(ii).

The district court endeavored to compare the 1977 Colorado conviction to aggravated indecent liberties with a child under K.S.A. 2016 Supp. 21-5506(b), which is a sexually violent offense. See K.S.A. 2016 Supp. 22-3717(d)(5)(C). The hearing record shows—and the State acknowledges on appeal—that the district court reviewed the version of the Colorado statute criminalizing sexual assault on a child in effect in 1990.

2

The record on appeal does not include a copy of precisely what the district court looked at in making its review. The hearing transcript indicates the prosecutor proffered a printout of the 1990 version of the Colorado statute "because that's as far back as Westlaw would go." The district court rather plainly did not review the 1977 statute.

Without something more, we fail to see how the district court could accurately assess the scope of the 1977 version of the statute and, in turn, compare it to ostensibly similar Kansas crimes by looking at the 1990 version. The district court, nonetheless, found Snell's Colorado conviction to be for an offense comparable to the Kansas crime of aggravated indecent liberties with a child and declared Snell to be a persistent sex offender. Consistent with that determination, the district court ordered Snell be committed to the state hospital for a period not to exceed 330 months, a doubling of the presumptive guidelines sentence.

On appeal, Snell challenges the propriety of the district court's comparison based on the 1990 version of the Colorado statute rather than the 1977 version. He does not otherwise dispute the duration of the commitment.

The district court's use of the 1990 version of the Colorado statute appears to be an error. Nothing evident in the record suggests the district court could have (or should have) concluded the 1977 version of the statute matched the 1990 version. But the required comparison of the Colorado and Kansas statutes presents a question of law, since it depends solely upon an analysis of their respective terms. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). On appeal, the State has cited the 1977 Colorado statute and discussed why it should be treated as comparable to the Kansas crimes of indecent liberties with a child or aggravated indecent liberties with a child, either of which would trigger the persistent sex offender sentencing enhancement. Snell chose not to file a reply brief. Under the circumstances, the issue has been joined, and Snell has had a fair opportunity to be heard. We may make the comparison.

Whether an out-of-state conviction provides the predicate for treating a defendant as a persistent sex offender turns on an assessment of the elements of that crime and the elements of the arguably similar sexually violent crime in Kansas. See *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 (2014). The elements of the crimes need not be identical. The crimes will be considered comparable if they proscribe the same general type of conduct, notwithstanding some differences in scope of coverage or punishment. 50 Kan. App. 2d at 356-57. That method parallels the analysis for determining whether an out-of-state conviction should be treated as a person offense or a nonperson offense in calculating a defendant's criminal history. See K.S.A. 2016 Supp. 21-6811(e)(3); *State v. Williams*, 299 Kan. 870, 873-74, 326 P.3d 1070 (2014); *State v. Fahnert*, 54 Kan. App. 2d 45, Syl. ¶ 2, 396 P.3d 723 (2017).

In short, the comparison entails a legal exercise based purely on the statutory descriptions of the crimes. The particular facts associated with the defendant's out-of-state conviction are irrelevant. See *Williams*, 299 Kan. at 874-75.

Under Colo. Rev. Stat. § 18-3-405(1) as it applied in 1977, sexual assault on a child criminalized "sexual contact" between a person at least 4 years older than the victim, if the victim was less than 15 years old. Colorado law then defined "sexual contact" as the perpetrator's touching of the victim's "intimate parts" or the victim's touching of the perpetrator's "intimate parts" when done "for the purposes of sexual arousal, gratification, or abuse." Colo. Rev. Stat. § 18-3-401(4). In turn, "intimate parts" were statutorily identified as "the external genitalia or the perineum or the anus or the buttocks or the pubes or the breast of any person." Colo. Rev. Stat. § 18-3-401(2).

The Colorado Legislature amended the statute in 1977 to require that the perpetrator have "knowingly" subjected the victim to such contact. We can't tell from the record whether the amendment applied to Snell. For purposes of addressing the issue, we

assume the amendment did, since it narrows the crime at least in an academic sense. But sexual contact for the purpose of arousal, gratification, or abuse necessarily implicates knowing or deliberate conduct, since accidental contact would not be motivated by that intent or purpose.

Kansas has criminalized "lewd fondling or touching" involving children as indecent liberties or aggravated indecent liberties with a child, depending on the circumstances. K.S.A. 2016 Supp. 21-5506. We summarize relevant sections of the statute.

• Indecent liberties proscribes lewd fondling or touching between the perpetrator and a child between 14 and 16 years of age done "with the intent to arouse or to satisfy the sexual desires" of either the perpetrator or the child or both. K.S.A. 2016 Supp. 21-5506(a)(1).

• Aggravated indecent liberties proscribes the same conduct defined as indecent liberties involving a child between 14 and 16 years of age who has not consented to the conduct. K.S.A. 2016 Supp. 21-5506(b)(2)(A).

• Aggravated indecent liberties proscribes the same conduct as indecent liberties if the child is under 14 years of age whether or not the child ostensibly consents. K.S.A. 2016 Supp. 21-5506(b)(3)(A).[*]

[*]The statute also criminalizes having sexual intercourse with a child between 14 and 16 years of age and soliciting a child to engage in the proscribed acts. K.S.A. 2016 Supp. 21-5506(a)(2), (b)(1), (b)(3)(B). Those forms of the Kansas crimes aren't especially pertinent to the comparison with the Colorado crime of sexual assault on a child.

The Kansas Criminal Code includes no definition of lewd fondling or touching. But the Kansas Supreme Court has explained the phrase and the prohibited conduct this

way: "[W]hether a touching is lewd should be determined by considering the common meaning of the term 'lewd,' that is, whether a touching is 'sexually unchaste or licentious; suggestive of or tending to moral looseness; inciting to sensual desire or imagination; indecent, obscene, or salacious.'" *State v. Ta*, 296 Kan. 230, 242-43, 290 P.3d 652 (2012) (quoting *State v. Wells,* 223 Kan. 94, 98, 573 P.2d 580 [1977]). The explanation basically tracks the common definition of "lewd." See Merriam-Webster's Collegiate Dictionary 715 (11th ed. 2003) ("lewd" defined as "sexually unchaste or licentious" or as "obscene").

In comparing the Colorado and Kansas statutes, we can say both punish physical contact in the form of sexual touching between children in their mid-teenage years or younger and adults. The protected age groups are quite comparable, although not identical. Both statutes also require the contact to be purposefully directed at stimulating or satisfying sexual desires.

The Colorado statute is narrower in that the touching must involve what would commonly be considered private or intimate parts of the body. The Kansas statute is not expressly limited in that way. But the common-law treatment of the statutory prohibition on "lewd fondling or touching" would largely (though not exclusively) confine the crime to contact involving private or intimate parts of the body. See *Ta*, 296 Kan. at 243 (Defendant's conduct in approaching and caressing the faces, hair, arms, and legs of two young children he did not know may appear "strange" and disquieting, but it was not lewd and, therefore, could not support convictions for aggravated indecent liberties with a child.).

Overall, those substantial similarities make the crimes comparable for purposes of imposing enhanced sentencing on persistent sex offenders. Moreover, given the elements of the statutes, virtually any conviction under the 1977 Colorado statute would have required conduct that necessarily also would amount to indecent liberties with a child or aggravated indecent liberties with a child if the victim were less than 14 years old. In

6

sum, a conviction for sexual abuse on a child in violation of the 1977 version of the Colorado statute supplies the requisite foundation to find a defendant a persistent sex offender for purposes of K.S.A. 2016 Supp. 21-6804(j). The *Riolo* court came to a like conclusion in upholding the sentencing of a defendant as a persistent sex offender based on a predicate conviction under a more recent version of the same Colorado statute. 50 Kan. App. 2d at 356-57.

For those reasons, we conclude Snell is properly considered a persistent sex offender, and the district court correctly treated him as such in its disposition of this case.

Affirmed.