(28 P.3d 448)
No. 85,304

BILLY LITTLEJOHN, JR., *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed July 27, 2001.

*Kiehl Rathbun*, of Wichita, for the appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, C.J., LEWIS, J., and STEPHEN D. HILL, District Judge, assigned.

LEWIS, J.: In 1995, Billy Littlejohn, Jr., was convicted of aggravated kidnapping, aggravated battery, and criminal possession of a firearm. The convictions were affirmed on direct appeal. See *State v. Littlejohn*, case No. 74,935, unpublished opinion filed April 18, 1997. He was represented by counsel at trial and on direct appeal. He filed the instant K.S.A. 60-1507 motion, claiming he received ineffective assistance of appellate counsel. The trial court denied his motion, and this appeal follows.

We affirm.

Most of the facts of the movant's convictions are irrelevant to this appeal. What is relevant is that prior to trial, he filed a motion to suppress physical evidence, a knife and a handgun, taken from his jacket during a warrantless search of his residence. The trial court denied the motion. Defense counsel, at trial, did not object to the introduction of the evidence which formed the basis of the motion to suppress.

On appeal, the movant's appellate counsel did not brief the suppression issue. In the current 60-1507 motion, movant argues that the brief filed by his appellate counsel did not meet consti-

tutional standards for effective assistance of counsel and that he did not have effective assistance of counsel on his appeal. The parties agreed at the trial court level that no evidentiary hearing was necessary.

The trial court denied the movant's motion, finding the suppression issue was not preserved for appeal and that his appellate counsel had no obligation to brief that issue or to raise it as an issue on appeal.

We agree with the trial court.

When a trial court considers a claim of ineffective assistance of counsel, it must apply the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). First, a movant must show that the representation fell below an objective standard of reasonableness, and second, the movant must show that unprofessional errors were sufficient to undermine confidence in the result of the proceeding. *Graham v. State*, 263 Kan. 742, 755, 952 P.2d 1266 (1998). Counsel is strongly presumed to have exercised reasonable professional judgment in making all significant decisions. An appellate court must apply the same test when considering a claim of ineffectiveness of appellate counsel. *Baker v. State*, 243 Kan. 1, 7, 755 P.2d 493 (1988). Both prongs of the inquiry are mixed questions of fact and law and must be reviewed de novo. *State v. Orr*, 262 Kan. 312, 321, 940 P.2d 42 (1997).

The issue which the movant insists his counsel should have briefed was obviously and totally without merit. The Supreme Court and this court have said repeatedly that where a pretrial motion to suppress has been denied, the moving party must object to the introduction of the evidence at trial in order to preserve the issue for appeal. Where there was no contemporaneous objection at trial, the Kansas appellate courts have uniformly refused to consider the issue. Examples of cases which apply that rule are *State v. Jones*, 267 Kan. 627, 637, 984 P.2d 132 (1999), and *State v. Cellier*, 263 Kan. 54, Syl. ¶ 2, 948 P.2d 616 (1997).

In *Baker v. State*, the Supreme Court addressed a claim that appellate counsel was ineffective in failing to raise an issue. The court rejected that claim and stated that appellate counsel has no

professional duty to raise all colorable issues, even if requested by the client to argue a particular issue. Rather, experienced counsel must determine the central issues and winnow out the weaker arguments.

We see no reason why appellate counsel should be required to raise and brief issues on appeal which have not been preserved for appeal and which are totally without merit on appeal. The interests of the sound administration of justice require that counsel use good professional judgment and raise only those issues on appeal which have been properly preserved for appeal.

We hold that a litigant may not base a claim of ineffective assistance of counsel on the fact that his or her appellate counsel failed to brief or raise an issue on appeal which had not been preserved for appeal in the manner required in Kansas.

Accordingly, we affirm the trial court's decision to the effect that the movant's appellate counsel was not ineffective for refusing to raise a suppression issue which had not been preserved for appeal.

Affirmed.