NOT DESIGNATED FOR PUBLICATION

No. 123,907

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL C. ROSS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed December 9, 2022. Affirmed.

*Mark Sevart*, of Derby, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and GARDNER, JJ.

ATCHESON, J.: Defendant Michael C. Ross appeals the Sedgwick County District Court's summary denial of this habeas corpus challenge to his convictions for felony murder and the underlying crime of felony child abuse and intentional second-degree murder in a jury trial. Given the perfunctory briefing of this appeal on Ross' behalf, we have examined the grounds for relief he alleged in his habeas corpus motion filed in the district court under K.S.A. 60-1507. Ross has failed to show that his legal representation leading up to and during the jury trial was constitutionally inadequate. We, therefore, affirm the ruling of the district court denying him relief.

1

In the underlying criminal case, the State charged Ross with felony murder, felony child abuse, and, in the alternative, premeditated first-degree murder resulting from the death of his girlfriend's 17-month-old daughter in November 2015 while the child was in Ross' care. Ross gave authorities varying accounts of how the child was injured. Medical evidence and expert opinion testimony the State presented at trial showed the child suffered physical abuse consistent with recent, acute injuries causing brain death. In a week-long trial beginning in February 2017, the jury convicted Ross of felony murder and the underlying child abuse felony and second-degree murder on the alternative charge. The district court sentenced Ross to life in prison with parole eligibility after serving 25 years on the felony-murder conviction and a consecutive sentence of 55 months on the child abuse conviction. The district court imposed no sentence on the second-degree murder conviction, since it was an alternative charge to the felony-murder charge.

Ross filed an appeal in the underlying criminal case, and the Kansas Supreme Court affirmed the convictions and sentences. *State v. Ross*, 310 Kan. 216, 445 P.3d 726 (2019). The court's opinion includes a detailed procedural history of the criminal case and the trial evidence that need not be repeated here. 310 Kan. at 216-20.

After the appeal in the criminal case concluded, Ross timely filed a motion he drafted without the help of a lawyer for relief under K.S.A. 60-1507. The district court summarily denied the motion without appointing a lawyer for Ross or holding a hearing. In doing so, the district court largely cribbed the State's response to the motion, including errors in the procedural history of the criminal case. A lawyer was then appointed to represent Ross in this appeal. The appellate brief consists of a single page of factual history and less than three pages of legal argument to the effect we should remand to the district court because its findings and conclusions were insufficient for review. The

district court's findings, though terse and less than original, furnished an adequate basis for us to review the denial of Ross' 60-1507 motion. Moreover, the remedy for inadequate findings and conclusions would be a remand for further findings and conclusions—not a hearing on the grounds asserted in the motion.

LEGAL ANALYSIS

When the district court summarily denies a 60-1507 motion, we review the decision without deference because we can examine the motion, the State's response, and the record in the underlying criminal case with the same facility as the district court. The exercise involves neither credibility determinations nor the resolution of other conflicts in newly presented evidence. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). Denial of the motion is proper if the 60-1507 motion and the record in the underlying criminal case conclusively show the movant is entitled to no relief. The Kansas Supreme Court has suggested that in a 60-1507 proceeding summarily denied in the district court, we should augment perfunctory appellate briefing with an independent examination of the grounds asserted in the 60-1507 motion itself. See *White v. State*, 308 Kan. 491, 510-11, 421 P.3d 718 (2018). We undertake that task here. But before doing so, we outline key legal principles governing 60-1507 motions.

*Governing Legal Principles*

To prevail on a 60-1507 motion premised on ineffective legal assistance, a convicted defendant must show both that his or her legal representation "fell below an objective standard of reasonableness" guaranteed by the right to counsel in the Sixth Amendment to the United States Constitution and that absent the substandard lawyering there is "a reasonable probability" the outcome in the criminal case would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Phillips*, 312 Kan. 643, 676, 479 P.3d 176 (2021); *Sola-*

3

*Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014); see *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3, 4, 694 P.2d 468 (1985) (adopting and stating *Strickland* test for ineffective assistance). Reasonable representation requires that degree of "skill and knowledge as will render the trial a reliable adversarial testing process." *Strickland*, 466 U.S. at 688. A reasonable probability of a different outcome "undermine[s] confidence" in the result and marks the criminal proceeding as fundamentally unfair. *Strickland*, 466 U.S. at 694. The movant, then, must prove both constitutionally inadequate representation and sufficient prejudice attributable to that representation to materially question the resulting convictions.

As the United States Supreme Court and the Kansas Supreme Court have stressed, review of the representation should be deferential and hindsight criticism tempered lest the evaluation of a lawyer's performance be unduly colored by lack of success notwithstanding demonstrable competence. See *Strickland*, 466 U.S. at 689-90; *Holmes v. State*, 292 Kan. 271, 275, 252 P.3d 573 (2011). Rarely should a lawyer's representation be considered substandard when he or she investigates the client's circumstances and then makes a deliberate strategic choice among arguably suitable options. *Strickland*, 466 U.S. at 690-91. Whether a lawyer had made reasoned strategic decisions bears on the competence component of the *Strickland* test.

Regardless of the inadequacy of legal representation, a 60-1507 motion fails if the movant cannot establish substantial prejudice. And the district court properly may deny a motion that falters on the prejudice component of the *Strickland* test without assessing the sufficiency of the representation. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see *Edgar v. State*, 294 Kan. 828, 843-44, 283 P.3d 152 (2012); *Oliver v. State*, No. 106,532, 2013 WL 2395273, at *5 (Kan. App. 2013) (unpublished opinion). In other words, even assuming a criminal defendant's

legal representation fell below the Sixth Amendment standard, he or she is not entitled to habeas corpus relief if the result would have been no different with competent counsel.

In general, the courts look at a lawyer's overall performance in representing a criminal defendant in determining whether the Sixth Amendment right to counsel has been satisfied, meaning that a minor mistake or even a number of minor mistakes do not breach that duty. See *Harrington v. Richter*, 562 U.S. 86, 111, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Kimmelman v. Morrison*, 477 U.S. 365, 386, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986); *Bland v. Hardy*, 672 F.3d 445, 450 (7th Cir. 2012) ("[T]he question under *Strickland* is not whether the lawyer made a mistake, even a serious one; it is whether the lawyer's *overall* performance was professionally competent."). But a single error causing sufficiently substantial legal harm to the defendant to call into question an adverse outcome at trial or on appeal will suffice. See *Miller*, 298 Kan. at 938-39.

*Legal Principles Applied to Ross' Claims*

Because the district court denied Ross' motion without a hearing, we have no evidence as to what strategic considerations his trial lawyer made in shaping the defense. Nonetheless, as we have indicated, Ross is entitled to no relief if his claims of ineffective representation did not result in prejudice calling into question the reliability of the verdicts. Against that legal backdrop, we look at the nine points Ross asserted in his 60-1507 motion.

• Ross argued that the guilty verdict on second-degree murder as a lesser included offense of premeditated first-degree murder amounted to an acquittal on the first-degree felony-murder charge. That is legally incorrect under the rule in *State v. Wise*, 237 Kan. 117, 121-22, 697 P.2d 1295 (1985), that a jury acquittal on premeditated first-degree murder is not inconsistent with conviction for felony murder arising from the same facts and charged alternatively. Although the specific elements of premeditated first-degree

5

murder have changed since *Wise*, the principle remains valid. Ross raised this issue in a supplemental brief he personally drafted and filed in the direct criminal appeal. The court declined to consider the issue because it had not been presented to the district court during the trial. *Ross*, 310 Kan. at 226-27.

In his 60-1507 motion, Ross alleged exceptional circumstances in that the lawyer handling the direct appeal ostensibly provided constitutionally inadequate representation by failing to raise the claim. Ross is wrong. Given *Wise*, the point would have been meritless on appeal, and a lawyer is not constitutionally inadequate for failing to raise a meritless claim. *Littlejohn v. State*, 29 Kan. App. 2d 506, 507-08, 28 P.3d 448 (2001); *Warren v. State*, No. 123,547, 2022 WL 816313, at *3 (Kan. App. 2022) (unpublished opinion). By the same token, Ross' trial lawyer had no obligation to make the argument in the district court. Ross can show no prejudice under *Strickland*, and the point fails for that reason.

• Ross argued K.S.A. 2015 Supp. 21-5402(a)(2), criminalizing felony murder, is unconstitutional because the Legislature has precluded any lesser included offenses for that crime. Ross again has constitutionalized the issue for habeas corpus review by alleging his lawyers in the direct criminal case inadequately represented him by failing to assert the point. The argument, however, is foreclosed by *State v. Love*, 305 Kan. 716, 733-34, 387 P.3d 820 (2017) (no constitutional defect in statutorily eliminating lesser included offenses for a felony-murder charge). Ross, therefore, suffered no legal prejudice.

• Ross argued the district court erred in not instructing the jury on involuntary manslaughter as a lesser included offense of premeditated first-degree murder. Ross has constitutionalized this as inadequate trial and appellate representation in the direct criminal case. Even assuming the validity of the legal argument (and that's a broad assumption), Ross has shown no actual prejudice because he was never sentenced on the

alternative charge based on premeditated first-degree murder, and the second-degree murder conviction does not appear in the journal entry of judgment. So this point fails.

• Ross has questioned the State's use of peremptory challenges to strike two potential jurors. One was the only Black individual in the pool. Ross' trial lawyer lodged a *Batson* objection to the strike. See *Batson v. Kentucky*, 476 U.S. 79, 85-87, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). In response, the State offered results of a public records search showing the juror had numerous arrests including multiple domestic violence incidents and was a defendant in several civil suits. Prosecutors also pointed out they used their first peremptory strike to remove a white prospective juror because he had a 2000 conviction for aggravated battery involving a child and there was a coordinate civil proceeding in which his parental rights were terminated. During the jury selection process, the district court found both an articulated race-neutral reason for removing the Black prospective juror and that the reason was not a pretext for impermissible racial discrimination. In his 60-1507 motion, Ross also complained the white prospective juror was improperly stricken because the felony conviction did not preclude him from jury service. But the State exercised a peremptory challenge to remove the potential juror because of possible bias or prejudice based on his past criminal involvement. There was nothing improper in the use of a peremptory strike in that manner. We find Ross' complaints about jury selection to be without merit based on a review of the trial record and the district court's ruling on the *Batson* objection in the criminal case.

• Ross made a general complaint about the two lawyers who represented him during the trial but offered no specifics other than the lead lawyer told Ross to stop talking to him incessantly during the trial because it was distracting. Ross further argued the lawyers didn't do what he was asking them to; but he has described no particular failures. Strategic decisions are entrusted to the lawyers. Absent some focused description of the lawyers' failure, Ross has not shown any sort of prejudice in this respect. See *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). And he has

7

similarly failed to show how his appellate lawyer erred in not raising such an amorphous claim.

• Ross argued the district court erred in instructing the jury on the intent or mental state necessary to convict on premeditated first-degree murder and the lesser included charge of intentional second-degree murder. He characterizes this as deficient representation by his trial lawyers and says the error requires a reversal and retrial on the second-degree murder conviction. But Ross can show no actual prejudice since he was not sentenced on that conviction and the conviction does not appear in the journal entry of judgment. The point is, therefore, without merit in a 60-1507 proceeding.

• Ross argued the jurors should have been instructed that the two murder charges were in the alternative and they could convict on only one. Well, no. That's not how juries are instructed, and a defendant cannot be punished for both. Although the jury found Ross guilty of both felony murder and intentional second-degree murder, the journal entry reflects only the conviction for felony murder, and Ross received a single sentence. So Ross incurred no legal prejudice. He further characterizes this as constitutionally deficient representation of his trial lawyers because they did not object to the verdict forms and instructions for that reason. The claim lacks merit here.

• As a separate point in his 60-1507 motion, Ross identified several instances of what he characterized as his trial lawyers' constitutionally ineffective representation of him.

Ross faulted the lawyers for failing to retain an independent medical expert. But Ross has offered no evidence supporting his claim this would have made any difference. He has not proffered an affidavit, report, or comparable information from a medical expert who would have provided exculpatory evidence at trial. The bare assertion that some hypothetical expert might have been called as a defense witness at trial fails in a

8

postconviction challenge. See *Bailey v. State*, No. 124,101, 2022 WL 2188031, at *2 (Kan. App. 2022) (unpublished opinion) (An "entirely abstract and hypothetical assertion that some unidentified expert in a particular field might have been of help . . . is insufficient to suggest legal prejudice.").

Ross complained that the trial lawyers argued to the jury he was simply careless and fell asleep, allowing the child to injure herself (by pulling over a large television). Ross characterizes this as tantamount to no defense. It is a defense bearing on the requisite criminal intent necessary to convict. Ross than repeats his complaint about the failure to seek an instruction on involuntary manslaughter as a lesser included offense of intentional first-degree murder. As we have already explained, Ross suffered no legal prejudice based on that charge and the related conviction for second-degree murder. Ross similarly complained that the lawyers should have requested an instruction on reckless or unintentional second-degree murder. But the lawyers did request the instruction. The district court declined to give it. And the issue was litigated unsuccessfully in Ross' direct criminal appeal. *Ross*, 310 Kan. at 223-24.

Ross submitted his trial lawyers failed to adequately investigate a jailhouse informant who testified against him. One of his lawyers extensively cross-examined the witness, who testified Ross offered multiple accounts of how the child was injured. According to the witness, Ross admitted in one account to having dropped the large television on her. One of the State's medical experts discounted the falling TV scenario as causing the fatal brain hemorrhage and related injuries to the child's head. The expert testified that the fatal injury required repeated violent shaking of the child from side to side. 310 Kan. at 218-19. Accordingly, it is not obvious how further impeachment of the jailhouse informant would have advanced the trial defense. Moreover, Ross gave inconsistent versions of how the child was injured to law enforcement officials. At a more granular level, Ross has not identified what specific information the trial lawyers might have used to further attack the witness' credibility.

9

Ross asserted his trial lawyer erred in saying during voir dire that the jurors would decide what "reasonable doubt" means. Assuming the lawyer made such a comment (and Ross does not offer a quote from or a citation to the trial record), the statement would not have created prejudicial error. The courts typically do not ascribe a specific definition to reasonable doubt, and the jury is not given a definition. It is considered a self-defining term. See *State v. Stevenson*, 297 Kan. 49, Syl. ¶ 2, 298 P.3d 303 (2013); *State v. Winston*, 214 Kan. 525, Syl. ¶ 4, 520 P.2d 1204 (1974); PIK Crim. 4th 51.140. The brief remark attributed to the lawyers did not fall below the constitutional standard of adequate representation and caused no legal prejudice.

• As final points, Ross repeated several of the arguments we have already laid out and again characterized them as constitutionally inadequate representation by his trial lawyers and his appellate lawyer in the direct criminal case. We have already explained why those arguments do not establish legal prejudice and, thus, cannot support a 60-1507 motion. The arguments are no better or stronger in a collective restatement of them.

Having reviewed the contentions Ross raised in his 60-1507 motion, we find no basis to reverse the district court's ultimate conclusion in denying relief.

Affirmed.